UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

CASE NO.: 6:17-cv-01612-CEM-GJK

SE PAINTING AND WATERPROOFING,
INC., a Florida Corporation,

 *Plaintiff*,

v.

THE TRAVELERS INDEMNITY COMPANY
OF CONNECTICUT, a Foreign Corporation,

 *Defendant.*
_____/

**MOTION FOR ENTRY OF JUDGMENT**

 Plaintiff, SE Painting and Waterproofing, Inc. moves this Court for entry of a judgment against The Travelers Indemnity Company of Connecticut based on its confession of coverage.

 1. On May 8, 2017, SE Painting filed its Complaint [D.E. 1-2] in the Circuit Court for Orange County, Florida.

 2. On September 7, 2017, Travelers removed the case to this District [D.E. 1].

 3. On September 7, 2017, SE Painting filed an Amended Complaint [D.E. 2].

 4. On March 22, 2018, Traveler's counsel advised by email that "Travelers is acknowledging UM coverage for the loss."

 5. Traveler's admission of coverage puts an end to this Court's labor, as the existence of coverage was the sole issue intended to be raised by this lawsuit.[1]

---

[1] This action was brought by the policyholder to confirm coverage. It was not intended to be a determination of the amount of bodily injury damages, as evidenced by the absence of the injured party from this lawsuit.

6. Plaintiff therefore requests entry of judgment in its favor based on Traveler's admission of uninsured motorist coverage, with the Court retaining jurisdiction to determine the amount of attorney's fees and costs to be awarded to Plaintiff's counsel.[2]

## LAW AND ARGUMENT

An insurer's payment of a claim against its insured typically constitutes a confession of coverage. *See Pepper's Steel & Alloys, Inc. v. U.S.*, 850 So. 2d 462, 465 (Fla. 2003); *Canal Ins. Co. v. SP Transport, Inc.*, 2008 WL 918821, at *2 (11th Cir. 2008); *Saewitz v. Lexington Ins. Co.,* 133 Fed. Appx. 695, 698 (11th Cir. 2005) (citing *Wollard v. Lloyd's & Cos. of Lloyd's,* 439 So. 2d 217, 218 (Fla. 1983)). The logic applied by the *Wollard* Court, and carried forward throughout its progeny, is that the insurer initially resisted coverage then offered benefits under the policy after litigation commenced:

> Nationwide, in that action, provided the insured precisely what Nationwide was contending the insured was not entitled to in the declaratory action. When Nationwide dismissed the declaratory action, it was thus the "functional equivalent of a confession of judgment or a verdict in favor of the insured" in the declaratory action.

*Wollard*, 439 So. 2d at 218. The same can be said here: the policyholder sued Travelers over its denial of an uninsured motorist claim; Travelers now admits that coverage is owed.

The "confession of judgment" concept is expressly recognized in the context of a declaratory action between an insurer and its insured. *Cana Ins. Co. v. S.P. Transport, Inc.*, 272 F. App'x. 825, 827 (11th Cir. 2008) (holding the voluntary resolution of the claim to be the equivalent of a confession of judgment and entitles the insured to attorney's fees because the insurer has "declined to defend its position in the pending suit") (quoting *Wollard*). The cases that follow these decisions are legion, including: *Sanderson v. Zurich Amer. Ins. Co*., 2015 WL

---

[2] Traveler's counsel also concedes that Traveler's owes Plaintiff attorney's fees and costs as a function of its admission of coverage.

2

12838358 (M.D. Fla.); *Ottaviano v. Nautilus Ins. Co.*, 660 F. Supp. 2d 1315 (M.D. Fla. 2009); *Explorer Ins. Co. v. Cajusma*, 178 So. 3d 923 (5th DCA 2015); *Coppola v. Federated Nat. Ins. Co.*, 939 So. 2d 1171 (4th DCA 2006); *Mercury Ins. Co. of Florida v. Cooper*, 919 So. 2d 491 (3d DCA 2005); *O'Malley v. Nationwide Mut. Fire Ins. Co*., 890 So. 2d 1163 (4th DCA 2004).

WHEREFORE, Plaintiff, S.E. Painting and Waterproofing, Inc., respectfully requests this Court grant judgment in its favor, reserving jurisdiction to determine the amount of attorney's fees and costs owed by Travelers and award same, and any further relief this Court deems equitable, just and proper.

## CERTIFICATE OF COMPLIANCE WITH LOCAL RULE 3.01(g)

Pursuant to Local Rule 3.01(g), the undersigned certify that they conferred with counsel for Travelers by telephone on March 26, 2018 and through numerous emails on March 28 and 29, 2018, in a good faith effort to resolve the issues raised in this Motion. Travelers' counsel admits that "Travelers is acknowledging UM coverage for the loss" where it was previously denying coverage, and that Plaintiff is entitled to attorney's fees and costs, but counsel declined to agree to the relief sought herein until and unless a draft copy of the motion was provided to counsel prior to its filing. So there is presently no agreement to the relief sought herein.

Case No.: 6:17-cv-01612-CEM-GJK

Respectfully Submitted,

VER PLOEG & LUMPKIN, P.A.
301 E. Pine Street, Suite 790
Orlando, FL 32801
407-380-9312
407-601-7905 *facsimile*

/s/ Stephen A. Marino, Jr.
**Stephen A. Marino, Jr.**
Florida Bar No. 79170
smarino@vpl-law.com
smcgee@vpl-law.com
cmiller@vpl-law.com
*Counsel for Plaintiff*

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing was served by CM/ECF on April 2, 2018, on all counsel or parties of record on the Service List below.

/s/ Stephen A. Marino, Jr.
**Stephen A. Marino, Jr.**

Case No.:  6:17-cv-01612-CEM-GJK

**SERVICE LIST**

Todd E. Copeland, Esq.
Robert J. Crohan, Jr., Esq.
Todd E. Copeland & Associates, P.A.
338 N. Magnolia Avenue, Suite B
Orlando, FL 32801
407-999-8995
407-849-1806 *facsimile*
toddc@toddcopeland.com
robertc@toddcopeland.com
*Co-Counsel for Plaintiff*

Stephen A. Marino, Jr., Esq.
Ver Ploeg & Lumpkin, P.A.
301 E. Pine Street, Suite 790
Orlando, FL 32801
407-380-9312
407-601-7905  *facsimile*
smarino@vpl-law.com
smcgee@vpl-law.com
cmiller@vpl-law.com
*Co-Counsel for Plaintiff*

Lee Jacobson, Esq.
Hale, Hale & Jacobson, P.A.
2876 South Osceola Avenue
Orlando, FL 32806
407-425-4640
407-425-4641 *facsimile*
lee@hhlegal.com
monica@hhlegal.com
*Co-Counsel for Plaintiff*

Andrew E. Grigsby, Esq.
Melissa A. Gillinov, Esq.
Hinshaw & Culbertson LLP
2525 Ponce de Leon Blvd., 4th Floor
Miami, FL 33134
305-358-7747
305-577-1063 *facsimile*
agrigsby@hinshawlaw.com
mgillinov@hinshawlaw.com
*Counsel for Defendant*