UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

SE PAINTING AND
WATERPROOFING, INC.,

        Plaintiff,

v.                          Case No:  6:17-cv-1612-Orl-41GJK

THE TRAVELERS INDEMNITY
COMPANY OF CONNECTICUT,

        Defendant.

REPORT AND RECOMMENDATION

This cause came on for consideration without oral argument on the following motion:

| | |
|---|---|
| **MOTION:** | **MOTION FOR ATTORNEY'S FEES AND COSTS (Doc. No. 30)** |
| **FILED:** | **August 27, 2018** |
| **THEREON** it is **RECOMMENDED** that the motion be **GRANTED IN PART AND DENIED IN PART**. | |

I. BACKGROUND.

On May 8, 2017, Plaintiff filed a complaint for declaratory relief against Defendant in the Circuit Court for the Ninth Judicial Circuit, in and for Orange County, Florida. Doc. No. 1-2 at 1. Plaintiff alleged that Defendant, its auto insurer, wrongfully denied uninsured motorist coverage for a covered automobile accident. *Id.* at 1, 2. Plaintiff asked the Court to, *inter alia*, declare that it was covered under the insurance policy issued by Defendant. *Id.* at 3. Plaintiff also asked for an award of attorney's fees under Florida Statute section 627.428. *Id.*

On September 7, 2017, Defendant removed the action to this Court, and on September 11, 2017, it filed its answer and affirmative defenses. Doc. Nos. 1, 3. On April 2, 2018, Plaintiff filed a motion for entry of judgment. Doc. No. 16. Plaintiff stated, "On March 22, 2018, [Defendant's] counsel advised by email that '[Defendant] is acknowledging UM coverage for the loss.'" *Id.* at ¶ 4. Plaintiff asked the Court to enter judgment for it, but reserve jurisdiction to determine the amount of attorney's fees and costs to be awarded to Plaintiff. *Id.* at ¶ 6. On June 27, 2018, the Court granted the motion for entry of judgment and declared that Plaintiff "is entitled to uninsured motorist coverage under Policy No. IEBA-7C065675 with regard to the June 17, 2015 automobile collision." Doc. No. 21 at ¶ 2. The Court retained jurisdiction to determine the amount of attorney's fees and costs owed to Plaintiff. *Id.* at ¶ 3. On June 28, 2018, the Clerk entered judgment in favor of Plaintiff. Doc. No. 22.

On August 27, 2018, Plaintiff filed a Motion for Attorney's Fees and Costs (the "Motion"), asking for an award pursuant to Federal Rule of Civil Procedure 54, Local Rule 4.18, and Florida Statute section 627.428. Doc. No. 30. On September 10, 2018, Defendant filed its response to the Motion (the "Response") and a motion seeking an extension of time to file the affidavit of its attorney's fees expert. Doc. Nos. 31, 32. On September 25, 2018, the Court granted the motion for extension of time, Doc. No. 34, and the expert's declaration was filed on October 10, 2018, Doc. No. 35.

## II.    LAW.

The Court uses the familiar lodestar method in determining a reasonable fee award, which is calculated by multiplying the number of hours reasonably expended by a reasonable hourly rate. *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983). The party moving for fees has the burden of establishing that the hourly rates and hours expended are reasonable. *Norman v. Housing Auth. of*

*the City of Montgomery*, 836 F.2d 1292, 1303 (11th Cir. 1988). "In determining what is a 'reasonable' hourly rate and what number of compensable hours is 'reasonable,' the court is to consider the 12 factors enumerated in *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714 (5th Cir.1974)." *Bivins v. Wrap It Up, Inc.*, 548 F.3d 1348, 1350 (11th Cir. 2008). The *Johnson* factors are the following: 1) the time and labor required; 2) the novelty and difficulty of the questions; 3) the skill requisite to perform the legal services properly; 4) the preclusion of other employment by the attorney due to acceptance of the case; 5) the customary fee in the community; 6) whether the fee is fixed or contingent; 7) time limitations imposed by the client or circumstances; 8) the amount involved and the results obtained; 9) the experience, reputation, and the ability of the attorney; 10) the "undesirability" of the case; 11) the nature and length of the professional relationship with the client; and 12) awards in similar cases. *Johnson*, 488 F.2d at 717-19.

"[A] reasonable hourly rate is the prevailing market rate in the relevant legal community for similar services by lawyers of reasonably comparable skills, experience, and reputation." *Duckworth v. Whisenant*, 97 F.3d 1393, 1396 (11th Cir. 1996) (quotations and citation omitted). In determining if the requested rate is reasonable, the Court may consider the applicable *Johnson* factors and may rely on its own knowledge and experience. *Norman*, 836 F.2d at 1299-1300, 1303 ("The court, either trial or appellate, is itself an expert on the question and may consider its own knowledge and experience concerning reasonable and proper fees and may form an independent judgment either with or without the aid of witnesses as to value."). "The applicant bears the burden of producing satisfactory evidence that the requested rate is in line with prevailing market rates," which must be more than just "the affidavit of the attorney performing the work." *Id.* at 1299

(citations omitted). Instead, satisfactory evidence generally includes evidence of the rates charged by lawyers in similar circumstances or opinion evidence of reasonable rates. *Id*.

As for the hours reasonably expended, counsel must exercise proper "billing judgment" and exclude hours that are "excessive, redundant, or otherwise unnecessary." *Hensley*, 461 U.S. at 434. In demonstrating that their hours are reasonable, counsel "should have maintained records to show the time spent on the different claims, and the general subject matter of the time expenditures ought to be set out with sufficient particularity so the district court can assess the time claimed for each activity." *Norman*, 836 F.2d at 1303. Likewise, a party opposing a fee application should also submit objections and proof that are specific and reasonably precise. *ACLU of Ga. v. Barnes*, 168 F.3d 423, 428 (11th Cir. 1999). A fee opponent's failure to explain with specificity the particular hours he or she views as "excessive, redundant, or otherwise unnecessary" is generally fatal. *Scelta v. Delicatessen Support Servs., Inc.*, 203 F. Supp. 2d 1328, 1333 (M.D. Fla. 2002) (citing *Gray v. Lockheed Aeronautical Sys. Co.*, 125 F.3d 1387 (11th Cir. 1997)). "If fee applicants do not exercise billing judgment, courts are obligated to do it for them, to cut the amount of hours for which payment is sought, pruning out those that are excessive, redundant, or otherwise unnecessary." *Barnes*, 168 F.3d at 428 (quotations omitted). When a court finds the number of hours billed unreasonably high, a court has two choices: it may review each entry and deduct the unreasonable time or it may reduce the number of hours by an across-the-board cut. *Bivins*, 548 F.3d at 1350.

### III.   THE MOTION.

In the Motion, which is verified by Plaintiff's counsel, Plaintiff requests an award of $51,504 in attorney's fees and $460 in costs. Doc. No. 30 at 9. Defendant does not contest Plaintiff's entitlement to an award of attorney's fees and costs, nor the amount of costs requested.

Doc. No. 32 at 2. Defendant does dispute whether the rates sought and the number of hours claimed are reasonable, and contests the application of a multiplier. *Id.* at 1-2.

### A. Rates

Plaintiff requests the following hourly rates for its attorneys and paralegal:

- Todd E. Copeland, Partner -- $700
- Lee Jacobson, Partner -- $550
- Stephen A. Marino, Partner -- $700
- Robert J. Crohan, Jr., Senior Attorney -- $600
- Michal Meiler, Attorney -- $305
- Linda M. Mulhall, Senior Paralegal -- $245

Doc. No. 30 at 4-8. Defendant argues that the requested rates are too high and submits that the following rates should be awarded:

- Copeland -- $425
- Jacobson -- $350
- Marino -- $450
- Crohan -- $350
- Meiler -- $225
- Mulhall -- $125

Doc. No. 32 at 14-17. In support, Defendant submitted the declaration of Thomas E. Scott, Esq., Doc. No. 35. Scott was a circuit judge for the State of Florida's Eleventh Circuit Court, a United States District Judge for the Southern District of Florida, and in private practice for over twenty years. *Id.* at 1-2. Scott states that he is "familiar with the fees charged by attorneys in this jurisdiction, including fees awarded in insurance cases such as this case." *Id.* at 2. Scott opines that

Defendant's suggested rates are reasonable, except that a reasonable rate for both Crohan and Meiler is $325. *Id.* at 3-4.

Considering the evidence provided, counsels' experience, the *Johnson* factors, and the undersigned's experience, the rates proposed by Scott are reasonable. *See Novak v. Safeco Ins. Co. of Ill.*, No. 6:15-CV-215-ORL-41DCI, 2017 WL 1552091, at *1 (M.D. Fla. May 1, 2017) (adopting report and recommendation awarding $450 per hour for Marino, $225 per hour for Meiler, and $125 per hour for Mulhall); *Rynd v. Nat'l Mut. Fire Ins. Co.*, Case No. 8:09–cv–1556–T–27TGW, 2012 WL 939387 (M.D. Fla. Jan. 25, 2012) (awarding $425 per hour for Marino and $95 per hour for Mulhall). As Defendant asserts that Crohan's reasonable rate is $25 more per hour than Scott's recommendation, Doc. No. 32 at 17, it is recommended that the Court award the rate Defendant concedes. Scott opines that Meiler's rate is $20 more than requested by Plaintiff. Doc. No. 30 at 6; Doc. No. 35 at 3-4. Accordingly, it is recommended that the Court find the following rates per hour reasonable:

- Copeland -- $425
- Jacobson -- $350
- Marino -- $450
- Crohan -- $350
- Meiler -- $325
- Mulhall -- $125

### B. Number of Hours

"The next step in the computation of the lodestar is the ascertainment of reasonable hours." *Norman*, 836 F.3d at 1301. To support the number of hours claimed, Plaintiff attaches timesheets containing descriptions of the work done, the date the work was performed, and the attorney or

paralegal performing the work. Doc. No. 30-1.

### 1. Vague Entries

Several of the entries in the timesheets Plaintiff submitted are redacted, such that it is impossible for the Court to determine whether the work performed was not only reasonable, but also related to this case. For example, the description in the first entry in Doc. No. 30-1 is "Meet with attorney Lee Jacobson to discuss and assess [redacted.]" *Id.* at 2.

Plaintiff states, "The unredacted time records will be submitted to the Court upon its request." Doc. No. 30 at 4 n.2. It is Plaintiff's burden to provide the Court and opposing counsel with the materials necessary for the Court to grant its request. *See Norman*, 836 F.2d at 1303. It is improper to put the onus on the Court. Additionally, several of Jacobson's entries that are not redacted are too vague for the Court to determine whether the time worked is reasonable. These include entries regarding conversations or emails, but failing to state what the conversations or emails themselves are regarding. Doc. No. 30-1 at 5-7. Marino's time entry for March 20, 2018, is block billing, *id.* at 8, which provides insufficient information for the Court to determine whether the time is reasonable. *Ferrate Treatment Techs., LLC v. Ciampi*, No. 6:06-CV-1565-ORL-28KRS, 2007 WL 1128962, at *3 (M.D. Fla. Apr. 16, 2007). Accordingly, it is recommended that the Court refrain from awarding attorney's fees based on the following entries in the time records, as the entries are insufficient to determine that the work performed was reasonable:

> Copeland and Crohan—entries dated September 22, 2017; the second entry dated September 25, 2017; and September 28, 2017

> Jacobson—entries from March 16, 2016, through April 17, 2017; May 8 through June 13, 2017; September 5, 2017, through October 5, 2017; December 1, 2017; February 12, 2018, through March 5, 2018 (only the entry stating "Text conversation between Marino/Copeland"); March 9, 2018, through March 20, 2018 (entry stating, "Multiple emails to/from Marino"); March 26, 2018; June 27, 2018; and July 11, 2018, through July 19, 2018

Marino—entries from March 20, 2018, through March 26, 2018; first entry for April 2, 2018

Mulhall—entry dated March 26, 2018

Meiler—first entry dated March 26, 2018

### 2. Presuit Work

Plaintiff requests attorney's fees for time spent before filing suit against Defendant. Doc. No. 30-1 at 5. Defendant argues that work done before the complaint was filed on May 8, 2017, is not recoverable. Doc. No. 32 at 2-3.

The general consensus among district courts in the Eleventh Circuit is that "attorneys' fees for pre-suit legal work are not recoverable under § 627.428 . . . unless the pre-suit work was necessitated by an insurer's unreasonable conduct." *Stavrakis v. Underwriters at Lloyd's London*, No. 8:16-CV-2343-EAK-JSS, 2018 WL 4908104, at *2 (M.D. Fla. June 29, 2018) (citing cases). Here, the only presuit work on the timesheets is that performed by Jacobson, and, as stated above, those entries are too vague for the Court to determine if they are reasonable. Thus, the Court need not address whether presuit work is compensable because the questioned entries have been denied.

### 3. Work Done After Acknowledgement of Coverage

Defendant argues that attorney's fees are not recoverable for any work done after Defendant acknowledged coverage. Doc. No. 32 at 3-6. Defendant relies on *Moore v. Allstate Ins. Co.*, 570 So. 2d 291 (Fla. 1990).[1] Doc. No. 32 at 3-6. In *Moore*, the Supreme Court of Florida held that Florida Statute section 627.727(8) limits the attorney's fees awardable under section 627.428 to the litigation regarding uninsured motorists coverage, and not the litigation regarding liability

---

[1] As Plaintiff is seeking fees under Florida Statute section 627.428, Florida law applies. *Houston Specialty Ins. Co. v. Vaughn*, No. 18-10635, 2018 WL 4328619, at *1 (11th Cir. Sept. 11, 2018) (applying Florida substantive law in reviewing order on motion for attorney's fees under section 627.428).

and damages. *Moore v. Allstate Ins. Co.*, 570 So. 2d at 292. Section 627.727(8) states, "The provisions of s. 627.428 do not apply to any action brought pursuant to this section against the uninsured motorist insurer unless there is a dispute over whether the policy provides coverage for an uninsured motorist proven to be liable for the accident."

Defendant acknowledged uninsured motorist coverage for Plaintiff's loss on March 22, 2018. Doc. No. 16 at ¶ 4. Thus, Plaintiff may not recover any fees incurred after March 22, 2018.

4. <u>Reasonable Hours</u>

Considering the foregoing, Defendant's arguments, and the evidence before the Court, including Scott's declaration and a thorough review of the timesheets, the undersigned finds the number of hours set forth below are reasonable.

Copeland:

| | | |
|---|---|---|
| 09/25/2017 | Review and analysis of Notice of Removal, Amended Complaint, and Answer and Affirmative Defenses. | 0.5 |
| 12/01/2017 | Receive and review Case Management and Scheduling Order; Review with legal assistant to confirm calendaring of deadlines | 0.4 |
| 12/04/2017 | Receive and review electronic order referring case to mediation with Mediator Donna Doyle. | 0.1 |
| 02/07/2018 | Review and analysis of Defendant's First Set of Interrogatories to Plaintiff and Defendant's Request For Production to Plaintiff | 0.2 |
| 02/15/2018 | Receive email from defense counsel regarding scheduling of depositions of Gregory Smith and SE Painting's corporate representative | 0.1 |
| 02/16/2018 | Receive email from defense counsel regarding scheduling of depositions. | 0.1 |
| 02/19/2018 | Prepare email to defense counsel regarding scheduling matters. | 0.1 |
| 02/19/2018 | Receive email from defense counsel in response to my message regarding scheduling. | 0.1 |
| 02/19/2018 | Prepare email to defense counsel regarding availability for depositions. | 0.1 |
| 02/21/2018 | Receive and review email from defense counsel regarding various matters, including areas of inquiry for corporate representative deposition, scheduling of depositions, Defendant's desire for compulsory medical examination, and whether Plaintiff is seeking damages. | 0.1 |
| 02/23/2018 | Receive email from defense counsel enclosing Defendant's Notice | 0.4 |

|  | of Intent to Serve Subpoenas Pursuant to Fed R. Civ. P. 45; Review attached proposed subpoenas. |  |
| --- | --- | --- |
| 02/23/2018 | Receive and review email from defense counsel's office regarding deposition dates in light of approaching discovery cut off. | 0.1 |
| 02/23/2018 | Receive email from defense counsel regarding Defendant's request for a compulsory medical examination of Mr. Smith to be performed by Chaim Rogozinski, M.D. of the Rogozinski Orthopedic Clinic. | 0.1 |
| 02/26/2018 | Receive and review email from defense counsel's office regarding deposition dates. | 0.1 |
| 02/27/2018 | Receive email from defense counsel regarding scheduling of depositions. | 0.1 |
| 02/27/2018 | Receive email from defense counsel enclosing Defendant's Notice of Intent to Serve Revised Subpoenas Pursuant to Fed R. Civ. P. 45; Review attached proposed subpoenas. | 0.4 |
| 03/05/2018 | Prepare draft response to Defendant's Request For Production and First Set of Interrogatories. | 2.7 |
| 03/15/2018 | Receive and review Defendant's Notice of Compulsory Physical Examination of Gregory Smith with Dr. Rogozinski. | 0.1 |
| 03/20/2018 | Conduct legal research and prepare Objection/Response to Defendant's Notice of Compulsory Physical Examination of Gregory Smith with Dr. Rogozinski. | 1.2 |
| Total |  | 7 |

Crohan:

| 10/01/2017 | Receive Defendant's Motion for Leave to Appear Telephonically. | 0.1 |
| --- | --- | --- |
| 10/02/1017 | Receive and review Notice of Pendency of Related Cases and Interested Persons and Corporate Disclosure Statement filed by The Travelers Indemnity Company of Connecticut. | 0.2 |
| 10/06/2017[2] | Telephone discussion with defense counsel Melissa Gillinov regarding preparation of Case Management Report. | 0.1 |
| 10/06/2017 | Telephone discussion with defense counsel Melissa Gillinov regarding preparation of Case Management Report | 0.2 |
| 10/06/2017 | Receive and review draft Case Management Report prepared by defense counsel; Prepare proposed revisions to Case Management Report; Prepare email to opposing counsel advising of proposed revisions to Case Management Report and inquiring about agreement to mediator | 0.6 |
| 10/06/2017 | Receive email from defense counsel informing that the Defendant has agreed to use Mediator Donna Doyle. | 0.1 |
| 10/06/2017 | Prepare email to opposing counsel advising that she is authorized | 0.1 |

---

[2] For this and the next five entries, the year is listed as 2016. Doc. No. 30-1 at 2-3. It is presumed that these are scrivener's errors, and the correct year is 2017.

|  | to file Case management Report with my electronic signature in light of revisions and agreement to mediator. |  |
|---|---|---|
| 10/06/2017 | Prepare and file Certificate of Interested Persons and Corporate Disclosure Statement and Notice of Pendency of Related Cases per Local Rule 1.04(d) on behalf of SE Painting & Waterproofing. | 0.4 |
| 10/06/2017 | Receive and review Defendant's Unopposed Motion to Appear Telephonically by The Travelers Indemnity Company of Connecticut | 0.1 |
| 10/11/2017 | Review endorsed order granting Defendant's Motion for Leave to Appear Telephonically. | 0.1 |
| Total |  | 2 |

Jacobson:

| 05/02/2017 | Research caselaw; Draft, edit, finalize Complaint | 3.1 |
|---|---|---|
| 05/02/2017 | Review civil cover sheet, summons for filing | 0.1 |
| 08/16/2017 | RR Notice of Service of Process | 0.1 |
| 10/10/2017 | Review filings (interest person/corp disclosure, pendency of other actions, mtn to appear telephonically) | 0.2 |
| 11/06/2017 | RR case management report. | 0.1 |
| 12/04/2017 | RR order re: mediation; Donna Doyle | 0.1 |
| 01/10/2018 | Email from Copeland's asst to o/c re Crohan's extended absence due to daughter in coma; request for continuance | 0.2 |
| 03/05/2018 | Start 26A disclosure | 0.1 |
| 03/20/2018 | RR Ntc CME | 0.1 |
| 03/22/2018 | RR email from Grigsby re agreeing to coverage; pushing to amend to bring UM claim; reply to Marino [redacted] | 0.2 |
| Total |  | 4.3 |

Marino

| 03/16/2018 | Review/analyze documents re: potential matter [SE PAINTING] | 1.8 |
|---|---|---|
| 03/16/2018 | Communicate (other outside counsel) with current counsel re: case [SE PAINTING] | 0.5 |
| Total |  | 2.3 |

Doc. No. 30-1.

Mulhall's and Meiler's time is not subject to recovery because it was incurred after Defendant acknowledged coverage. Doc. No. 30-1 at 8. The Court finds that the number of hours set forth above represent a reasonable number of hours expended, notwithstanding Defendant's arguments regarding conferences with co-counsel being unrecoverable.

### C. Lodestar

Applying the foregoing findings to the hours and rates at issue results in the amounts below:

| Attorney | Reasonable Hours Expended | Reasonable Hourly Rate | Fees |
|---|---|---|---|
| Copeland | 7 | $425 | $2,975 |
| Crohan | 2 | $350 | $700 |
| Jacobson | 4.3 | $350 | $1,505 |
| Marino | 2.3 | $450 | $1,035 |

Adding the fees set forth above results in a lodestar amount of $6,215. This amount is a reasonable amount of attorney's fees incurred by Plaintiff.

### D. Adjustment of Lodestar

The lodestar may be adjusted "to account for other considerations that have not yet figured in the computation, the most important being the relation of the results obtained to the work done." *Dillard v. City of Greensboro*, 213 F.3d 1347, 1353 (11th Cir. 2000). "If the result was excellent, then the court should compensate for all hours reasonably expended." *Norman*, 836 F.2d at 1302. On the other hand, "[i]f the result was partial or limited success, then the lodestar must be reduced to an amount that is not excessive." *Id.* Upon consideration of the outcome of this action, there is no reason to adjust the lodestar.

Plaintiff states in the Motion that the total fees incurred are $34,336, but Plaintiff "requests that this Court determine the lodestar amount to be $51,504." Doc. No. 30. Plaintiff provides no reasoning for the Court to determine a lodestar amount higher than the fee incurred. To determine whether a multiplier should be applied, courts consider the following:

> (1) whether the relevant market requires a contingency fee multiplier to obtain competent counsel; (2) whether the attorney was able to mitigate the risk of nonpayment in any way; and (3) whether any of the factors in *Rowe* are applicable, especially, the amount involved, the results obtained, and the type of fee arrangement between the attorney and his client.

*Joyce v. Federated Nat'l Ins. Co.*, 228 So. 3d 1122, 1128 (Fla. 2017); *Houston Specialty Ins. Co. v. Vaughn*, No. 18-10635, 2018 WL 4328619, at *3 (11th Cir. Sept. 11, 2018) (applying *Joyce* in reviewing order applying a multiplier to an award of attorney's fees under Florida Statute section 627.428). Plaintiff fails to address any of these factors in the Motion. Doc. No. 30. Thus, it is recommended that the Court find Plaintiff failed to show that a multiplier is warranted.

### IV. CONCLUSION.

Accordingly, it is **RECOMMENDED** that the Motion, Doc. No. 30, be **GRANTED IN PART AND DENIED IN PART** as follows:

1. That Plaintiff be awarded $6,215 in attorney's fees and $460 in costs; and
2. In all other respects, that the Motion be **DENIED**.

### NOTICE TO PARTIES

A party has fourteen days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions. Failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. 11th Cir. R. 3-1.

**RECOMMENDED** in Orlando, Florida, on January 17, 2019.

GREGORY J. KELLY
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record